**Law Offices of Leo B. Dubler, III, LLC**
20000 Horizon Way, Suite 300
Mount Laurel, New Jersey 08054
(856) 235-7075
By: Mark R. Natale, Esquire (071292014)
ATTORNEY FOR PLAINTIFF JENNIFER CANTONI

| | |
|---|---|
| JENNIFER CANTONI,<br><br>Plaintiff,<br><br>v.<br><br>CUMBERLAND COUNTY,<br>JOHN BARRY, BRAD PIERCE , WILL<br>BAILEY, JOHN DOES 1-10, ABC<br>COMPANIES 1-10, and XYZ<br>MUNICIPALITIES 1-10, jointly,<br>severally, and in the alternative,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.:<br><br><br><br>**COMPLAINT AND<br>JURY DEMAND** |

The Plaintiff, Jennifer Cantoni, residing in the City of Millville, County of

Cumberland, State of New Jersey, complaining against the Defendants, County of

Cumberland, John Does 1-10, ABC Companies 1-10, and XYZ Municipalities 1-10,

jointly, severally, and in the alternative, says:

<u>**PARTIES**</u>

1.    Plaintiff Jennifer Cantoni ("Jennifer") was, at all relevant times, confined in

Cumberland County Jail.

2.    Defendant John Barry ("Barry") is employed by Cumberland County as a Corrections

Officer.

3.     Defendant Lieutenant Brad Pierce ("Pierce") was, at all relevant times, employed by Cumberland County as a Corrections Officer, reaching the rank of Lieutenant during the time period of this complaint.

4.     Defendant Will Bailey, ("Bailey") was, at all relevant times, employed by Cumberland County as a Corrections Officer.

5.     Defendant Cumberland County is a public entity and duly exists and is incorporated under the laws of the State of New Jersey.

## JURISDICTION

6.     Plaintiff alleges violations of her Eighth and Fourteenth Amendment rights of the United States Constitution, and files this action pursuant to 42 U.S.C. § 1983.

7.     Plaintiff was forced to engage in non-consensual sex acts with prison guards in violation of her constitutional rights and 42 U.S.C. § 1983.

8. Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

9. Additionally, Plaintiff was discriminated against because of her gender in a place of public accommodation, in violation of New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.*

10.  This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## FACTS

11.  Jennifer Cantoni ("Jennifer") is a forty one year old female who has been fighting addiction for the last twenty years.

12.  As such, she has spent a substantial amount of her adult life in and out of Cumberland County jail.

13.  While in the jail, Jennifer was subject to conditions that violated her 8th Amendment right against cruel and unusual punishment, as well as her 14th Amendment right to Substantive Due Process.

14.  Jennifer's rights were violated when she was forced into numerous non-consensual sexual acts while a prisoner at Cumberland County jail.

15.  Jennifer's latest period of confinement and abuse occurred on or around the beginning of October of 2015, and continued into early 2016.

16.  Jennifer was pregnant at the time of her confinement, and was placed in the medical wing of the hospital.

17.  Jennifer gave birth to her daughter on September 8, 2015.

18.  For the next few weeks, Jennifer stayed in the medical wing of the hospital, while she and her daughter received treatment.

19.  After being discharged from the medical wing in or around the beginning of October of 2015, Jennifer began being sexually abused by corrections officers in the jail.

20.  Jennifer was given a "trustee" job at the jail.

21.  This meant she was assigned to work cleaning the warden's office, visiting area and/or the admissions area.

22.  These were considered highly sought after jobs because it got the inmates out of the general population of the jail.

23.  Unfortunately for Jennifer, this also meant she was left alone with guards who repeatedly sexually abused her.

3

24. One such guard was Officer John Barry ("Barry").

25. Barry shared an office with another Officer.

26. The same time every day, that other officer went to lunch.

27. This left Jennifer alone in the office with Defendant Barry.

28. Nearly every day, that other officer went to lunch, Barry would coerce Jennifer into having sex.

29. These acts ranged from oral sex to sexual intercourse.

30. Barry's harassment and abuse of Jennifer was almost daily.

31. From approximately October 2015 through the end of her confinement in or around March of 2016, Barry coerced Jennifer into engaging in sex acts with him on a nearly daily basis.

32. Barry made Jennifer feel like she could not say no to him.

33. Jennifer was understandably afraid of what would happen to her if she said no.

34. Instead, Jennifer was forced to suffer through the constant sexual abuse and harassment.

35. This was not the only abuse Jennifer was forced to suffer through at that time.

36. Another guard who supervised Jennifer while she was at her job in the jail was Defendant Lieutenant Brad Pierce ("Pierce").

37. In late 2015, early 2016, Defendant Pierce forced Jennifer to give him oral sex while she was confined at Cumberland County Jail.

38. Defendant Pierce made Jennifer feel like she could not say no to him.

39. Defendant Pierce used his position as a Lieutenant to coerce Jennifer into performing oral sex on him.

4

40. Jennifer was understandably afraid of what would happen if she said no to Defendant Pierce.

41. Instead, Jennifer was forced to suffer through the sexual abuse and harassment while incarcerated.

42. This is not the only form of harassment Jennifer faced during this time.

43. Defendant Officer George Bailey ("Bailey") had naked pictures of Jennifer without her knowledge or consent.

44. Officer Bailey showed these pictures to numerous guards and inmates –without Jennifer's knowledge or consent.

45. Jennifer found out about this when talking to a fellow inmate who was shown the pictures.

46. Jennifer's confinement in 2015 into 2016 was not the first time she faced this sexual abuse and harassment at Cumberland County Jail.

47. During multiple prior periods of confinement at Cumberland County Jail, Jennifer was sexually abused and harassed.

48. For example, during prior periods of confinement, Officer Carl Ranier forced Jennifer into non-consensual sex acts with him.

49. During prior periods of confinement, Officer Eddie Ortiz forced Jennifer into non-consensual sex acts with him.

50. During prior periods of confinement, Officer Vandal Lee forced Jennifer into non-consensual sex acts with him.

51.  During one period of confinement, Officer Johnnie Gomez forced Jennifer into a non-consensual sex act with him in the hallway connecting the jail to Cumberland County family court.

52.  The inappropriate and illegal actions of the guards did not stop during the times when Jennifer was out of jail.

53.  Even when she was not incarcerated, many of the guards contacted Jennifer to have sex for money.

54.  The Defendants knew that, because of her addiction, Jennifer would resort to having sex for money.

55.  Officer Johnnie Gomez, Officer Brad Pierce, Officer Vandal Lee, and Officer Carl Ranier all met with Jennifer to solicit sex for money while she was not in jail.

56.  While at times Jennifer was paid for these encounters, other times she was not.

57.  Even though she was not in jail, these officers used their positions in order to coerce Jennifer.

58.  Jennifer knew that she could not turn down any of their solicitations, or she would face problems the next time she was in Cumberland County Jail.

59.  The officers also told Jennifer they would look after her son, who was confined in Cumberland County jail in 2016.

60.  Officer Johnnie Gomez told Jennifer that the guards would look after her son when they met to have sex in the summer of 2016.

61.  Officer Carl Ranier, who met Jennifer for sex outside of the jail, informed her that he had her son moved to better protect him.

6

62.   The officers would use their positions, and the fact that Jennifer's son was in Cumberland County Jail, to coerce her into having sex.

63.   This was consistent with what they did when Jennifer was in the jail.

64.   Whether inside or outside of the jail, Cumberland County Corrections Officer used their power, position, and influence over Jennifer in order coerce her into non-consensual sex acts.

## COUNT ONE

### Deprivation of 8th Amendment Rights in violation of 42 U.S.C. § 1983

65.   Plaintiff repeats and incorporates all of the prior facts and prior paragraphs as if stated in full herein.

66.   Jennifer was deprived of her constitutional rights in violation of 42 U.S.C. § 1983.

67.   While confined in Cumberland County Jail, Jennifer had an 8th amendment right to be free from cruel and unusual punishment.

68.   Jennifer's 8th Amendment rights should have protected her from willful and deliberate harm at the hands of the corrections officers.

69.   Jennifer's 8th Amendment rights should have protected her from conduct of corrections officers that "offended human dignity."

70.   Jennifer was sexually assaulted by Defendants Barry and Pierce.

71.   The conduct of Barry and Pierce was intentional, deliberate, and designed to cause Jennifer harm, which it in fact did.

72.   The conduct of Barry and Pierce offended human dignity and basic decency.

73.   Defendant Barry deprived Jennifer of her 8th Amendment rights, in violation of 42 U.S.C. § 1983.

74.   Defendant Pierce deprived Jennifer of her 8th Amendment rights, in violation of 42 U.S.C. § 1983.

75.   Defendants Barry and Pierce conspired to deprive Jennifer of her 8th Amendment rights, in violation of 42 U.S.C § 1983.

76.   Defendants Barry and Pierce were able to deprive Jennifer of her 8th Amendment rights because of the willful indifference of Defendant Cumberland County.

77.   Defendant Cumberland County failed to properly train, supervise and manage their employees on protecting the constitutional rights of its inmates, in violation of 42 U.S.C. § 1983.

78.   Defendant Cumberland County had a policy against familiarization between corrections officers and inmates.

79.   Corrections Officers received periodic training advising against "familiarization" between officers and inmates.

80.   However, these policies and these trainings were never enforced.

81.   For example, there was a policy at Cumberland County Prison that no male corrections officer should be left alone with any female inmate.

82.   If, because of staffing reasons, male corrections officers needed to work with female inmates, the policy dictated that there needed to be two male officers there and at all times the officers and the inmate must be in an area where cameras were recording.

83.   However, this policy was routinely disregarded.

84.   Cumberland County, including Freeholders, policy makers, upper level managers, supervisors, and decision makers, did not care whether this policy was enforced.

85.   Therefore, the policy that could have prevented these heinous acts was not enforced due to a lack of supervision by Cumberland County managers, supervisors and policymakers.

86.   Jennifer was regularly left alone with a male corrections officer in an area without surveillance, due to the lack of supervision and because of an unenforced policy.

87.   Because Jennifer was left alone with male guards in areas with no surveillance, not only was she coerced into engaging in non-consensual sex acts, but the County did not detect that these rampant constitutional abuses were occurring and ongoing.

88.   With the proper supervision and oversight, Defendant Cumberland County would have detected the constitutional violations and been able to stop them.

89.   Instead, Defendant Cumberland County was a party to the deprivation of Jennifer's constitutional rights, in violation of 42 U.S.C. § 1983.

90.   Defendants Cumberland County, Barry and Pierce conspired to deprive Jennifer of her constitutional rights.

91.   The Defendants acted with an illicit and common purpose to deprive Jennifer of her constitutional rights.

92.   Defendants Cumberland County, Barry, and Pierce deprived Jennifer of her constitutional rights.

93.   The acts of the Defendants were intentional, malicious, and designed to cause Jennifer harm, which they in fact did.

94.   As a result of the intentional and malicious acts of Defendants Cumberland County, Barry and Pierce, Jennifer has been caused to suffer emotional harm, embarrassment and psychological suffering.

95.    The intentional and malicious nature of the actions of Defendants Cumberland, Barry, and Pierce justifies the imposition of punitive damages.

WHEREFORE, the Plaintiff, Jennifer Cantoni, demands judgment against Defendants Cumberland County, John Barry, Brad Pierce, John Does 1-10, ABC Companies 1-10, and XYZ Municipalities 1-10, jointly, severally, and in the alternative, for damages; losses; damages for humiliation and psychological suffering; economic losses; interest; costs of suit; injunctive relief; equitable relief; any and all relief provided to the Plaintiff pursuant to 42 U.S.C. § 1983; compensation for pain, suffering, and emotional upset; attorney's fees; punitive damages; and other such relief as the Court deems just and proper.

## COUNT TWO

### Deprivation of 14th Amendment Rights in Violation of 42 U.S.C. § 1983

96.    Jennifer repeats and incorporates all of the prior facts and all of the prior paragraphs of the Complaint as if set forth at length herein.

97.    Jennifer was deprived of her constitutional rights in violation of 42 US.C. § 1983.

98.    While confined in Cumberland County jail, Jennifer had a constitutional right to be free from arbitrary and capricious use of power, in violation of the substantive due process clause of the 14th Amendment.

99.    Jennifer was sexually assaulted by Defendants Barry and Pierce.

100.    Defendants Barry and Pierce were Corrections Officers in the jail who used their power in an arbitrary and capricious manner.

101.    Defendants abused their power, position, and influence over Jennifer in an arbitrary and capricious way in order to cause Jennifer harm.

10

102. Defendants Barry and Pierce were able to deprive Jennifer of her 14h Amendment substantive due process rights because of the willful indifference of Defendant Cumberland County.

103. Defendant Cumberland County, including its Freeholders, policy makers, decision makers, upper level managers, and supervisors failed to properly train, supervise and manage their employees on protecting the constitutional rights of its inmates, in violation of 42 U.S.C. § 1983.

104. Defendant Cumberland County had a policy against familiarization between corrections officers and inmates.

105. Corrections Officers received periodic training advising against "familiarization" between officers and inmates.

106. However, these policies and these trainings were never enforced.

107. For example, there was a policy at Cumberland County Prison that no male corrections officer should be left alone with any female inmate.

108. If, because of staffing reasons, male corrections officers needed to work with female inmates, the policy dictated that there needed to be two male officers there and at all times the officers and the inmate must be in an area where cameras were recording.

109. That policy was not enforced due to a lack of supervision by Cumberland County decision makers and policymakers.

110. Jennifer was regularly left alone with a male corrections officer in an area without surveillance, due to the lack of supervision and because of an unenforced policy.

111. Because Jennifer was left alone, not only was she coerced into engaging in non-consensual sex acts, but the County did not detect that these rampant constitutional abuses were occurring and ongoing.

112. With the proper supervision and oversight, Defendant Cumberland County would have detected the constitutional violations and been able to stop them.

113. Instead, Defendant Cumberland County was a party in the deprivation of Jennifer's constitutional rights, in violation of 42 U.S.C. § 1983.

114. Defendants Cumberland County, Barry and Pierce deprived Jennifer of her constitutional rights.

115. Defendants Cumberland County, Barry and Pierce conspired to deprive Jennifer of her constitutional rights.

116. The Defendants acted with an illicit and common purpose to deprive Jennifer of her constitutional rights.

117. As a result of the intentional and malicious acts of Defendants Cumberland County, Barry and Pierce, Jennifer has been caused to suffer emotional harm, embarrassment and psychological suffering.

118. The intentional and malicious nature of the actions of Defendants Cumberland, Barry, and Pierce justifies the imposition of punitive damages.

WHEREFORE, the Plaintiff, Jennifer Cantoni, demands judgment against Defendants Cumberland County, John Barry, Brad Pierce, John Does 1-10, ABC Companies 1-10, and XYZ Municipalities 1-10, jointly, severally, and in the alternative, for damages; losses; damages for humiliation and psychological suffering; economic losses; interest; costs of suit; injunctive relief; any and all relief provided to the Plaintiff pursuant to 42 USC §

1983; compensation for pain, suffering, and emotional upset; attorney's fees; punitive damages; and other such relief as the Court deems just and proper.

## COUNT THREE

### Deprivation of 8ᵗʰ Amendment Rights in Violation of New Jersey Civil Rights Act

119. Plaintiff repeats and incorporates all of the prior facts and prior paragraphs as if stated in full herein.

120. Jennifer was deprived of her constitutional rights in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 *et. seq.*

121. While confined in Cumberland County Jail, Jennifer had an 8ᵗʰ amendment right to be free from cruel and unusual punishment.

122. Jennifer's 8ᵗʰ Amendment rights should have protected her from willful and deliberate harm at the hands of the corrections officers.

123. Jennifer's 8ᵗʰ Amendment rights should have protected her from conduct of corrections officers that "offended human dignity."

124. Jennifer was sexually assaulted by Defendants Barry and Pierce.

125. The conduct of Barry and Pierce was intentional, deliberate, and designed to cause Jennifer harm, which it in fact did.

126. The conduct of Barry and Pierce offended human dignity and basic decency.

127. Defendant Barry deprived Jennifer of her 8ᵗʰ Amendment rights, in violation of the CRA.

128. Defendant Pierce deprived Jennifer of her 8ᵗʰ Amendment rights, in violation of the CRA.

129. Defendants Barry and Pierce conspired to deprive Jennifer of her 8th Amendment rights, in violation of the CRA.

130. Defendants Barry and Pierce were able to deprive Jennifer of her 8th Amendment rights because of the willful indifference of Defendant Cumberland County.

131. Defendant Cumberland County failed to properly train, supervise and manage their employees on protecting the constitutional rights of its inmates, in violation of the CRA.

132. Defendant Cumberland County had a policy against familiarization between corrections officers and inmates.

133. Corrections Officers received periodic training advising against "familiarization" between officers and inmates.

134. However, these policies and these trainings were never enforced.

135. For example, there was a policy at Cumberland County Prison that no male corrections officer should be left alone with any female inmate.

136. If, because of staffing reasons, male corrections officers needed to work with female inmates, the policy dictated that there needed to be two male officers there and at all times the officers and the inmate must be in an area where cameras were recording.

137. However, this policy was routinely disregarded.

138. Cumberland County, including Freeholders, policy makers, upper level managers, supervisors, and decision makers, did not care whether this policy was enforced.

139. Therefore, the policy that could have prevented these heinous acts was not enforced due to a lack of supervision by Cumberland County managers, supervisors and policymakers.

140. Jennifer was regularly left alone with a male corrections officer in an area without surveillance, due to the lack of supervision and because of an unenforced policy.

141. Because Jennifer was left alone with male guards in areas with no surveillance, not only was she coerced into engaging in non-consensual sex acts, but the County did not detect that these rampant constitutional abuses were occurring and ongoing.

142. With the proper supervision and oversight, Defendant Cumberland County would have detected the constitutional violations and been able to stop them.

143. Instead, Defendant Cumberland County was a party to the deprivation of Jennifer's constitutional rights, in violation of the CRA.

144. Defendants Cumberland County, Barry and Pierce conspired to deprive Jennifer of her constitutional rights.

145. The Defendants acted with an illicit and common purpose to deprive Jennifer of her constitutional rights.

146. Defendants Cumberland County, Barry, and Pierce deprived Jennifer of her constitutional rights.

147. The acts of the Defendants were intentional, malicious, and designed to cause Jennifer harm, which they in fact did.

148. As a result of the intentional and malicious acts of Defendants Cumberland County, Barry and Pierce, Jennifer has been caused to suffer emotional harm, embarrassment and psychological suffering.

149. The intentional and malicious nature of the actions of Defendants Cumberland, Barry, and Pierce justifies the imposition of punitive damages.

WHEREFORE, the Plaintiff, Jennifer Cantoni, demands judgment against Defendants Cumberland County, John Barry, Brad Pierce, John Does 1-10, ABC Companies 1-10, and XYZ Municipalities 1-10, jointly, severally, and in the alternative, for damages; losses; damages for humiliation and psychological suffering; economic losses; interest; costs of suit; injunctive relief; any and all relief provided to the Plaintiff pursuant to the New Jersey Civil Rights Act; compensation for pain, suffering, and emotional upset; attorney's fees; punitive damages; and other such relief as the Court deems just and proper.

### COUNT FOUR

### Deprivation of 14th Amendment Rights in Violation of New Jersey Civil Rights Act

150.  Jennifer repeats and incorporates all of the prior facts and all of the prior paragraphs of the Complaint as if set forth at length herein.

151.  Jennifer was deprived of her constitutional rights in violation of the New Jersey Civil Rights Act ("CRA"), N.J.S.A. 10:6-2, *et seq.*

152.  While confined in Cumberland County jail, Jennifer had a constitutional right to be free from arbitrary and capricious use of power, in violation of the substantive due process clause of the 14th Amendment.

153.  Jennifer was sexually assaulted by Defendants Barry and Pierce.

154.  Defendants Barry and Pierce were Corrections Officers in the jail who used their power in an arbitrary and capricious manner.

155.  Defendants abused their power, position, and influence over Jennifer in an arbitrary and capricious way in order to cause Jennifer harm.

156. Defendants Barry and Pierce were able to deprive Jennifer of her 14$^h$ Amendment substantive due process rights because of the willful indifference of Defendant Cumberland County.

157. Defendant Cumberland County, including its Freeholders, policy makers, decision makers, upper level managers, and supervisors failed to properly train, supervise and manage their employees on protecting the constitutional rights of its inmates, in violation of the CRA.

158. Defendant Cumberland County had a policy against familiarization between corrections officers and inmates.

159. Corrections Officers received periodic training advising against "familiarization" between officers and inmates.

160. However, these policies and these trainings were never enforced.

161. For example, there was a policy at Cumberland County Prison that no male corrections officer should be left alone with any female inmate.

162. If, because of staffing reasons, male corrections officers needed to work with female inmates, the policy dictated that there needed to be two male officers there and at all times the officers and the inmate must be in an area where cameras were recording.

163. That policy was not enforced due to a lack of supervision by Cumberland County decision makers and policymakers.

164. Jennifer was regularly left alone with a male corrections officer in an area without surveillance, due to the lack of supervision and because of an unenforced policy.

165. Because Jennifer was left alone, not only was she coerced into engaging in non-consensual sex acts, but the County did not detect that these rampant constitutional abuses were occurring and ongoing.

166. With the proper supervision and oversight, Defendant Cumberland County would have detected the constitutional violations and been able to stop them.

167. Instead, Defendant Cumberland County was a party in the deprivation of Jennifer's constitutional rights, in violation of the CRA.

168. Defendants Cumberland County, Barry and Pierce deprived Jennifer of her constitutional rights.

169. Defendants Cumberland County, Barry and Pierce conspired to deprive Jennifer of her constitutional rights.

170. The Defendants acted with an illicit and common purpose to deprive Jennifer of her constitutional rights.

171. As a result of the intentional and malicious acts of Defendants Cumberland County, Barry and Pierce, Jennifer has been caused to suffer emotional harm, embarrassment and psychological suffering.

172. The intentional and malicious nature of the actions of Defendants Cumberland, Barry, and Pierce justifies the imposition of punitive damages.

WHEREFORE, the Plaintiff, Jennifer Cantoni, demands judgment against Defendants Cumberland County, John Barry, Brad Pierce, John Does 1-10, ABC Companies 1-10, and XYZ Municipalities 1-10, jointly, severally, and in the alternative, for damages; losses; damages for humiliation and psychological suffering; economic losses; interest; costs of suit; injunctive relief; any and all relief provided to the Plaintiff pursuant to

the New Jersey Civil Rights Act; compensation for pain, suffering, and emotional upset; attorney's fees; punitive damages; and other such relief as the Court deems just and proper.

## COUNT FIVE

### Violations of New Jersey Law Against Discrimination N.J.S.A. 10:5-14

173. Jennifer repeats and incorporates all of the prior facts and all of the prior paragraphs of the Complaint as if set forth at length herein.

174. Jennifer, as a female, is in a protected class under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-12, *et. seq.*

175. As a member of a protected class under LAD, Jennifer has a right to be free from harassment and discrimination on the basis of her gender in places of public accommodation.

176. Jennifer had a right to be free from harassment and discrimination on the basis of her gender in Cumberland County Jail.

177. Instead, Jennifer was subject to continued and repeated sexual harassment while she was in Cumberland County Jail.

178. Jennifer was sexually harassed and abused by Defendants Barry, Pierce, and Bailey.

179. Defendant Barry repeatedly and consistently sexually harassed and assaulted Jennifer.

180. Defendant Barry abused his position, power, and influence over Jennifer to coerce her into non-consensual sex acts while she was incarcerated.

181. Defendant Barry would not have done this, but for Jennifer's gender.

182. Jennifer's protected characteristic, her gender, caused Defendant Barry to target, assault, sexually harass, and sexually abuse her, in violation of LAD.

183. Defendant Pierce sexually harassed and assaulted Jennifer.

19

184. Defendant Pierce abused his position, power, and influence over Jennifer to coerce her into a non-consensual sex act.

185. Defendant Pierce would not have done this, but for Jennifer's gender.

186. Jennifer's protected characteristic that she was a woman, caused Defendant Pierce to target, assault, sexually harass, and sexually abuse her, in violation of LAD.

187. Defendant Bailey abused his position, power, and influence over Jennifer in order to sexually harass Jennifer.

188. Defendant Bailey, without the consent of Jennifer, gained possession of naked and revealing pictures of Jennifer.

189. Defendant Bailey showed them around the prison to fellow guards and inmates at the Cumberland County jail.

190. Jennifer found out from another inmate that Defendant Bailey had been showing people naked pictures of her.

191. The conduct of the Defendants created a hostile environment for Jennifer, in violation of LAD.

192. The conduct of the Defendants was both severe and pervasive.

193. The Defendants were able to sexually harass, assault and abuse Jennifer because Defendant Cumberland County failed to provide a safe and harassment free environment.

194. It is believed Defendant Cumberland County had sexual harassment policy on paper.

195. It is believed Defendant Cumberland County would train its employee's on its sexual harassment policy.

196. Defendant Cumberland County failed to take its policies seriously.

197.  Defendant Cumberland County failed to adequately train its employees on its sexual harassment policy.

198.  Defendant Cumberland County negligently, carelessly, and recklessly allowed the sexual harassment of Jennifer to occur.

199.  Defendant Cumberland County intentionally and maliciously created an environment that allowed the repeated and severe sexual abuse and harassment of Jennifer to occur.

200.  However, Defendant Cumberland County did not adequately enforce its policy.

201.  Correction Officers were left unsupervised with female inmates, without any safeguards to prevent sexual harassment.

202.  In addition, Defendant Cumberland County did not provide adequate measures for inmates to complain about sexual harassment of inmates.

203.  Inmates never received any policy on how to report sexual harassment by a prison employee.

204.  Defendant Cumberland County negligently, recklessly, and with a willful indifference, allowed a hostile environment to be created inside Cumberland County jail.

205.  With reasonable diligence, Defendant Cumberland County would have prevented the abuse of Jennifer from ever happening, or in the alternative, detected it was happening and stopped it.

206.  Defendants Cumberland County, Barry, Pierce, and Bailey conspired to sexually abuse and harass Jennifer in violation of LAD.

207.  Defendants Barry, Pierce, and Bailey aided and abetted Defendant Cumberland County in discriminating against Jennifer because of her gender in violation of LAD.

208. Defendants Cumberland County, Barry, Pierce, and Bailey's sexual harassment of Jennifer was intentional, malicious, and designed to cause Jennifer harm, which it in fact did.

209. Jennifer suffered severe and traumatic psychological harm and injuries because of the sexual harassment, assault, and abuse she was subjected to while confined at Cumberland County Jail.

210. Jennifer continues to suffer from emotional harm and damages that were caused by Defendant Cumberland County's, Barry's, Pierce's, and Bailey's LAD violations.

211. The intentional acts, recklessness, and willful indifference of Defendants Cumberland County, Barry, Pierce, and Bailey justify the imposition of punitive damages.

WHEREFORE, the Plaintiff, Jennifer Cantoni, demands judgment against Defendants Cumberland County, John Barry, Brad Pierce, John Does 1-10, ABC Companies 1-10, and XYZ Municipalities 1-10, jointly, severally, and in the alternative, for damages; losses; damages for humiliation and psychological suffering; economic losses; interest; costs of suit; injunctive relief; any and all relief provided to the Plaintiff pursuant to New Jersey's Law Against Discrimination; compensation for pain, suffering, and emotional upset; attorney's fees; punitive damages; and other such relief as the Court deems just and proper.

## COUNT SIX

### John Doe, ABC Companies, and XYZ Municipalities

212. Jennifer repeats and incorporates all of the prior facts and all of the prior paragraphs of the Complaint as if set forth at length herein.

213. Defendants John Does 1-10 represent individuals, both male and female, whose identities are not currently known.

214. Defendants ABC Companies 1-10 and XYZ Municipalities represent the fictitious names of business entities (companies, municipal entities/municipalities, public entities, contractors, subcontractors, corporations, partnerships, LLCs, joint ventures, sole proprietorship, etc.), the identifies of which are currently not known.

215. John Does 1-10 represent individuals that supervised, managed, or controlled Defendant Cumberland County and/or the Cumberland County Jails.

216. John Does 1-10 represent county officials at Defendant Cumberland County who deprived Jennifer of her constitutional rights.

217. John Does 1-10 represent county employees at Defendant Cumberland County who deprived Jennifer of her constitutional rights.

218. John Does 1-10 represent county employees at Defendant Cumberland County who had inappropriate sexual relations with Jennifer while she was confined in Cumberland County jail.

219. John Does 1-10 represent county officials and/or employees at Defendant Cumberland County who deprived Jennifer of her constitutional rights, or conspired with Defendants to deprive Jennifer of her constitutional rights, in violation of 42 U.S.C. § 1983.

220. John Does 1-10 represent county officials and/or employees at Defendant Cumberland County who harassed, discriminated against, assaulted, or abused Jennifer in violation of the New Jersey Law Against Discrimination or conspired with Defendants to violate the New Jersey Law Against Discrimination.

221. Defendants John Does 1-10, ABC Companies 1-10, and XYZ Municipalities knew or should have known that Jennifer was being deprived of her rights, sexually assaulted, sexually harassed, and discriminated against, but chose to ignore it.

222. The actions of Defendants John Does 1-10, ABC Companies 1-10, and XYZ Municipalities were intentional, malicious, and designed to cause Jennifer harm, which they in fact did.

223. As a result of the intentional and malicious retaliatory acts of Defendants John Does 1-10, ABC Companies 1-10, and XYZ Municipalities, Jennifer has been caused to suffer emotional harm, embarrassment, and psychological suffering.

224. As a result of the retaliatory acts of Defendants John Does 1-10, ABC Companies 1-10, and XYZ Municipalities, Jennifer has been caused to suffer loss of pay and a tremendous amount of stress that the loss of pay has caused.

225. The intentional and malicious nature of the actions of Defendants John Does 1-10, ABC Companies 1-10, and XYZ Municipalities justifies the imposition of punitive damages.

WHEREFORE, the Plaintiff, Jennifer Cantoni, demands judgment against Defendants Cumberland County, John Barry, Brad Pierce, John Does 1-10, ABC Companies 1-10, and XYZ Municipalities 1-10, jointly, severally, and in the alternative, for damages; losses; lost wages; future lost wages; damages for humiliation and psychological suffering; economic losses; interest; costs of suit; injunctive relief; any and all relief provided to the Plaintiff pursuant to 42 U.S.C. 1983 and New Jersey's Law Against Discrimination; compensation for pain, suffering, and emotional upset; attorney's fees; punitive damages; and other such relief as the Court deems just and proper.

24

## JURY DEMAND

The Plaintiff hereby requests a trial by jury as to all the issues referred to in the above Complaint.

## CERTIFICATION

I certify that this matter is not the subject of any pending lawsuit or arbitration. I further certify that no other parties should be joined in this matter.

**Law Offices of Leo B. Dubler, III, LLC**
Attorney for Plaintiff Jennifer Cantoni

_____
Mark R. Natale

Dated: October 4, 2017