UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
JENNIFER CANTONI,             :
                              :
        Plaintiff,            :    Civ. No. 17-7893 (NLH)(AMD)
                              :
     v.                       :    OPINION
                              :
CUMBERLAND COUNTY, et al.     :
                              :
        Defendants.           :
_____:
```

APPEARANCES:

Mark R. Natale, Esq.
Law Offices of Leo B. Dubler, III, LLC
20000 Horizon Way, Suite 300
Mount Laurel, NJ 08054
    Counsel for Plaintiff

Shanna McCann, Esq.
Chance & McCann, LLC
201 W. Commerce Street
Bridgeton, NJ 08302
    Counsel for Defendant Cumberland County

HILLMAN, District Judge

    This case concerns claims of repeated sexual abuse that Plaintiff Jennifer Cantoni, a former inmate at Cumberland County Jail in Bridgeport, New Jersey, suffered at the hands of various corrections officers at the jail. At issue is Defendant Cumberland County's Motion to Dismiss, ECF No. 18, joined in by Defendant John Berry, ECF No. 21, which is ripe for adjudication. The Court has subject-matter jurisdiction over

1

this case pursuant to 28 U.S.C. § 1331, as this case concerns a federal question.  For the reasons that follow, the Court will deny the Motion.

I.  Factual Background

Plaintiff Jennifer Cantoni was an inmate formerly incarcerated in the Cumberland County Jail at all times relevant to the Complaint.  See ECF No. 1, ¶ 1.  She now resides in Millville, New Jersey.  Id. at 1.  In her Complaint, Plaintiff alleges that she was repeatedly forced to engage in non-consensual sexual acts by various corrections officers at the Cumberland County Jail.  Id. at 2-7.  Pertinent to the instant Motion, Plaintiff does not include any allegations regarding her availment or exhaustion of administrative remedies as to the claims raised in her Complaint.

II.  Standard of Review

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.  See Erickson v. Pardus, 551 U.S. 89,

94 (per curiam). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action,

supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The complaint that shows that the pleader is entitled to relief--or put another way, facially plausible--will survive a Rule 12(b)(6) motion. See Fed. R. Civ. P. 8(a)(2); Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010).

III. Discussion

Moving Defendants Cumberland County and John Berry seek the dismissal of the claims against them based on Plaintiff's alleged failure to exhaust her administrative remedies. See ECF Nos. 18-1, 21.

4

The exhaustion of administrative remedies is a mandatory prerequisite to any prisoner's filing of a civil rights action regarding prison conditions. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement, however, does not apply when the plaintiff is not incarcerated. See, e.g., Ahmed v. Dragovich, 297 F.3d 201, 210 n.10 (3d Cir. 2002) ("We note that every court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners"); Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir.) (en banc) (noting that the PLRA exhaustion requirement applies "only if the plaintiff is a prisoner at the time of filing."); Doe v. Washington Cty., 150 F.3d 920, 924 (8th Cir. 1998). A plaintiff's status as a prisoner for the purposes of the PLRA is judged as of the time she files her complaint. See Defreitas v. Montgomery Cty. Corr. Facility, 525 F. App'x 170, 176 (3d Cir. 2013).

Here, it appears that Plaintiff was not incarcerated when she filed the Complaint. See ECF No. 1 at 1. As such, Plaintiff had no obligation to exhaust her administrative remedies prior to bringing the instant civil action, and the Motion to Dismiss will therefore be denied.

IV. Conclusion

The Court will deny Defendant Cumberland County's Motion to

Dismiss, ECF No. 18, joined in by Defendant John Berry, ECF No. 21.  An appropriate order follows.


Dated: July 6, 2018                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.